UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

INFORMATION SYSTEMS & NETWORKS
CORPORATION,

*Plaintiff-Appellant,*

v.

PRINCIPAL LIFE INSURANCE COMPANY,
*Defendant-Appellee.*

No. 03-1948

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-03-303-PJM)

Argued: May 5, 2004

Decided: June 8, 2004

Before LUTTIG, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Norman Henry Singer, SINGER & ASSOCIATES, P.C.,
Bethesda, Maryland, for Appellant. Jacqueline Elizabeth Bennett,
REED SMITH, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:**
Benjamin M. Kahrl, SINGER & ASSOCIATES, P.C., Bethesda,
Maryland, for Appellant. Andrew C. Bernasconi, REED SMITH,
L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant, Information Systems & Networks Corp. ("ISN"), appeals from the dismissal of its complaint raising claims for breach of contract and professional negligence against appellee, Principal Life Insurance Co. ("Principal"). ISN sponsors an employee pension plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3) (the "Plan"). ISN had retained Principal to assist in the administration of the Plan, with the duties of maintaining Plan records, issuing required distributions to Plan beneficiaries upon ISN's approval, collecting contributions made by ISN to the Plan, and issuing statements regarding Plan participation.

Alleging that Principal had committed claim administration errors and thus made improper distributions totaling at least $300,000, and that but for these errors the funds at issue would have been forfeited to the Plan where they might have been credited to or returned to ISN as Plan sponsor, ISN sued Principal in federal district court, raising claims of breach of contract and professional negligence. Principal then moved for dismissal under Federal Rule of Civil Procedure 12(b)(6), asserting that ERISA pre-empted all of ISN's claims. Ruling from the bench after a hearing, the district court granted Principal's motion to dismiss, holding that because ISN's claims essentially asserted "improper administration of the plan," they were pre-empted under ERISA. *See* 29 U.S.C. § 1144(a) (providing that ERISA pre-empts "any and all State laws insofar as they . . . relate to any employee benefit plan"). ISN timely appealed.

Having considered the contentions raised in the parties' briefs and at oral argument, we now affirm. The gravamen of ISN's complaint is that certain distributions made by Principal were erroneous because the beneficiaries were not entitled to those distributions *under the*

*terms of the Plan*. In light of this, the district court correctly determined that ISN's claims boil down to allegations of "improper administration of the plan." Accordingly, the district court also correctly held these claims to be pre-empted by ERISA. Indeed, given the foregoing description, it is clear that ISN's claims fall squarely within the recognized rule that "when a cause of action under state law is 'premised on' the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists, ERISA preemption will apply.'" *Griggs* v. *E.I. Dupont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (quoting *Ingersoll-Rand Co.* v. *McClendon*, 498 U.S. 133, 140 (1990)); *see also Stiltner* v. *Beretta U.S.A. Corp.*, 74 F.3d 1473, 1480 (4th Cir. 1996) (noting that state common-law tort and contract actions which are 'based on alleged improper processing of a claim for benefits under an employee benefit plan' are preempted by ERISA") (citations omitted).

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*